IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CURTIS SMITH, | § | |
| Plaintiff, | § § § | |
| v. | § § | CASE NO. 5:20-cv-00116-RWS-CMC |
| WARDEN FCI TEXARKANA, | § § § | |
| Defendant. | § § | |

## ORDER

Petitioner Curtis Smith, an inmate confined within the Bureau of Prisons, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to 28 U.S.C. § 636(b)(1) and (3). The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge ("Report") recommending that a motion to dismiss filed by the respondent be granted and the petition for writ of habeas corpus dismissed. Docket No. 12 at 4. Petitioner filed objections to the Report. Docket No. 23. The Court reviews the objected-to portions of the Report *de novo*. FED. R. CIV. P. 72(b). As explained below, Petitioner's lengthy objections are unavailing.

Petitioner challenges a conviction for being a felon in possession of a firearm, in violation of 21 U.S.C. § 922(g)(1). Relying on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Petitioner contends the conviction is invalid because the government failed to prove the firearm had traveled in or affected interstate commerce. He further contends he is actually innocent because the conviction was the result of fraud on the court and false and perjured testimony. Petitioner also argues he is entitled to be re-sentenced under the First Step Act of 2018.

In *Rehaif,* the Supreme Court held that a conviction for possessing a firearm after having been convicted of a felony requires proof that the defendant possessed a firearm and knew he

belonged to a category of persons barred from possessing a firearm.  *Id*. at 2200.  The Magistrate Judge concluded that *Rehaif* did not provide Petitioner with a basis for relief because the holding in *Rehaif* was not relevant to Petitioner's grounds for review.  In other words, Petitioner's challenge is based on his contention that the government failed to prove the firearm had traveled in or affected interstate commerce, and the decision in *Rehaif* did not involve that element of the Petitioner's offense.  The Magistrate Judge further concluded Petitioner's argument that his conviction resulted from fraud and perjured testimony did not entitle Petitioner to relief because it was not based on a retroactively applicable Supreme Court decision that established Petitioner may have been convicted of a nonexistent offense.  Finally, the Magistrate Judge concluded Petitioner's argument regarding being re-sentenced under the First Step Act needed to be raised with Petitioner's sentencing court.

A prisoner may only utilize § 2241 to challenge a federal criminal conviction if the remedy provided for in 28 U.S.C. § 2255 is ineffective or inadequate to test the legality of his detention.  The remedy provided for in § 2255 has been found to be ineffective to challenge the legality of a prisoner's detention only where the prisoner is asserting a ground for review that: (1) is based on a Supreme Court decision that applies retroactively on collateral review and establishes he may have been convicted of a nonexistent offense and (2) was foreclosed by applicable circuit law at the time it could have been asserted at trial, on direct appeal or in a first motion to vacate filed pursuant to § 2255.  *Reyes-Requena v. United States*, 243 F.3d 893, 894 (5th Cir. 2001).

In his objections, Petitioner argues at great length that he is innocent.  He explains why he believes the government failed to prove the firearm had traveled in or affected interstate commerce.  He also describes the allegedly perjured and false testimony, as well as the asserted fraud on the court.

However, at no point does Petitioner assert that he did not know, at the time of his conviction, that he had previously been convicted of a felony.  His failure to contend he did not know he was a felon is fatal to his *Rehaif* claim.  Where a prisoner seeks relief under *Rehaif* but fails to argue he was unaware he belonged to a class barred from possessing firearms under § 922(g) he

has failed to demonstrate he is entitled to relief under § 2241. *Abram v. McConnell*, 3 F.4th 783, 786 (2021).

Nor do Petitioner's assertions regarding fraud on the court and perjured and false testimony provide a basis for relief. These assertions are not based on a Supreme Court case that establishes Petitioner was convicted of a nonexistent offense.[1]

Having made a *de novo* review of the written objections filed by Petitioner in response to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Petitioner does not object to the Magistrate Judge's conclusion that his request to be resentenced under the First Step Act must be raised in the sentencing court. Matters to which there are no objections are reviewed for clear error. *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988). The Court finds no clear error with the Magistrate Judge's conclusions in the uncontested portion of the Report.

For the reasons set forth above, Petitioner's objections (Docket No. 23) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the Court **ADOPTS** the Report (Docket No. 12) as the opinion of the Court. It is further

**ORDERED** that the motion to dismiss (Docket No. 7) is **GRANTED** and this petition for writ of habeas corpus is **DISMISSED**.

A final judgment shall be rendered in accordance with the Magistrate Judge's recommendation.

**So ORDERED and SIGNED this 27th day of February, 2023.**

*[signature: Robert W Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner also asserts he is entitled to relief under *Bailey v. United States*, 516 U.S. 137 (1995); *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010); and *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999). Petitioner was convicted in 2008. As a result, the Supreme Court's holding in *Bailey* was available to Petitioner at trial, on appeal and when he filed his initial motion to vacate, set aside or correct sentence. Moreover, as *Gilbert* and *Wofford* are not decisions of the Supreme Court, they do not provide a basis for relief under § 2241. *Reyes-Requena*, 243 F.3d at 894.